IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY NAKANISHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-1906-HHK |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**<u>UNITED STATES' MOTION TO DISMISS COMPLAINT</u>**

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint. As grounds for this motion, the United States submits that plaintiff has failed to: 1) properly serve the United States; 2) exhaust his administrative remedies for a tax refund under 26 U. S. C. § 7422; 3) exhaust his administrative remedies for damages under 26 U. S. C. § 7433 or to state a claim that he is entitled to damages under 26 U. S. C. § 7433. In addition, this Court does not have jurisdiction under any of the various statutes plaintiff invokes.

/
/
/
/
/
/
/

2428060.1

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: April 27, 2007.                    Respectfully submitted,

                                            /s/ Pat S. Genis
                                          PAT S. GENIS, #446244
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 227
                                          Washington, DC  20044
                                          Tel./FAX:  (202) 307-6390/614-6866
                                          Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY NAKANISHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 1:06-cv-1906-HHK |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION
TO DISMISS COMPLAINT**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff seeks a tax refund, damages for alleged unauthorized collection activities and an injunction against further collection activity.

QUESTIONS PRESENTED

1. Plaintiff, Garry Nakanishi, himself, attempted to serve the United States. Service on the United States must be by a non-party. Does this Court lack jurisdiction over the United States under these circumstances?

2. Plaintiff seeks a tax refund. Plaintiff has not alleged that he filed an administrative claim for refund. Should the Court dismiss the claim for lack of jurisdiction?

3. Plaintiff seeks damages under 26 U.S.C. § 7433. Plaintiff has not alleged that he filed an administrative claim for damages, and the complaint consists of generalized

allegations without factual support. Should the Court dismiss the claim for lack of jurisdiction and/or failure to state a claim upon which relief can be granted?

4. Plaintiff seeks an injunction against further actions against him. The Anti-Injunction Act provides that no court shall exercise jurisdiction over a suit to restrain the collection of federal taxes. Does the Court have jurisdiction to entertain a suit seeking an injunction against further tax collection activities?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Gary Nakanishi, filed this complaint on November 6, 2006. (PACER #1.) On January 3, 2007, plaintiff filed a notice that he, himself, had attempted to serve the Attorney General and the United States Attorney for the District of Columbia by certified mail. (PACER # 2 & 3.)

2. <u>Relief sought in the complaint</u>. The complaint seeks: 1) damages under 26 U.S.C. § 7433 in the amount of $10,000 "per disregard;" 2) "replevin of any and all property taken" from him; and 3) an order "enjoining" the Internal Revenue Service from "further acting in disregard of law or regulation." (Compl., Remedy Sought, at 18-19.)

3. <u>Allegations in the complaint</u>. Plaintiff has organized his complaint into 39 purported "counts," each alleging that the Internal Revenue Service "disregarded" Internal Revenue Code statutes and regulations. In each count, plaintiff makes no

factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes and regulations.1/

## ARGUMENT

### I.

### THIS COURT LACKS JURISDICTION OVER THE UNITED STATES BECAUSE PLAINTIFF FAILED TO PROPERLY SERVE THE UNITED STATES

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. *See, e.g., Otto v. United* States, 2006 WL 2270399, *2 (D.D.C. 2006) (Rule 4(i) may govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service") (citing *Bernard v. IRS*, 1991 WL 327960, *3 (N.D. Fl. 1991); *Herman v. Comm'r of*

---

1/    Plaintiff asserts that the Internal Revenue Service failed to notify him of his duty to keep records (counts 1 & 2); failed to prepare, execute and disclose to him substitutes for return (counts 3-9); forced him to use a social security number (count 10); failed to properly assess taxes against him and to record, execute and furnish him copies of the assessments (counts 11-17); failed to promulgate regulations for section 6211 (count 18); failed to properly implement 26 U.S.C. § 6301, which requires the Secretary to collect federal taxes (counts 19-26); failed to implement 26 U.S.C. § 6203, which prescribes the method of assessment (count 27); failed to give notice and make demand for payment of taxes (counts 28, 29, & 32); engaged in harassing conduct prohibited by section 6304 (count 30); failed to hold a hearing under section 6320 (count 31); failed to verify a penalty determination (count 33); and disregarded various statutes regarding federal tax liens (counts 34-39).

*Internal Revenue Service*, 1990 WL 10023593, *1 (C.D. Cal. 1990); *Perkel v. United States*, 2001 WL 8964, *1 (N.D. Cal. 2001)).

Under Rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American*

*Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff filed returns of service indicating that he, himself, attempted to serve the United States Attorney General and the United States Attorney for the District of Columbia. Plaintiff is, of course, a party to this action, and thus cannot properly serve the summonses.2/ Accordingly, since plaintiff failed to properly serve the United States, his complaint must be dismissed.

II.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFF'S REFUND CLAIM BECAUSE HE FAILED TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that he has either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. *See, e.g., Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586

---

2/ There is no indication on the docket that plaintiff served the Internal Revenue Service, the agency whose alleged actions are at issue in this case.

(1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ."  26 U.S.C. § 7422(a).  Since plaintiff has not even alleged that he filed a claim for refund, this Court lacks jurisdiction.  *Dalm*, 494 U.S. at 601-602.  Likewise, plaintiff has not alleged that he fully paid his tax liabilities, a failure that is fatal to a suit for refund.  *See Flora*, 362 U.S. at 177.

Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over his claim for a refund.

### III.

PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DAMAGES UNDER SECTION 7433

This Court does not have jurisdiction over plaintiff's claim for damages under 26 U.S.C. § 7433 because plaintiff has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service.

"The basic rule of federal sovereign immunity is that the United States cannot be sued *at all* without the consent of Congress."  *Block v. North Dakota*, 461 U.S. 273, 287 (1983) (emphasis added).  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the

Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Therefore, plaintiff has not met his burden to prove that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.3/

In addition, plaintiff has failed to state a claim as to nearly all his "counts" because he does not involve collection activities, and thus are not cognizable under section 7433. Of the counts that could be construed as collection activity, plaintiff has failed to state a claim.

Plaintiff's complaint for damages under 26 U.S.C. § 7433 is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and

---

3/   The United States is aware that there is a split of opinion in this Court about whether the failure to exhaust administrative remedies requires dismissal for lack of jurisdiction, *see e.g., McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1991); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992), or for failure to state a claim, *see e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), *Lindsey v. United States*, 448 F.Supp.2d 37, 57-58 (D.D.C. 2006). The United States continues to assert that the exhaustion of administrative remedies is a prerequisite to the United States' waiver of sovereign immunity. But, if this Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiff's action for damages for failure to state a claim for which relief can be given, as set forth in *Turner*.

2428060.1                                          8

grounds upon which it rests. Fed.R.Civ.P. 8(a). But, a court should dismiss a complaint when the plaintiff can prove no set of facts in support of his claim that would entitle the plaintiff to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004).

Here, most of plaintiff's allegations involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. Accordingly, all allegations in plaintiff's complaint which involve non-collection activities must be dismissed. Of the counts that may involve collection activities, plaintiff's allegations have no factual support whatsoever, and thus fail to state a claim.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. Accordingly, the Court should dismiss plaintiff's complaint for failure to state a claim for which relief can be granted.

IV.

PLAINTIFF'S REQUEST TO ENJOIN THE INTERNAL REVENUE SERVICE FROM FURTHER ACTION AGAINST HIM IS BARRED BY THE ANTI-INJUNCTION ACT

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further tax collection activities. (Compl., Remedy Sought, at 18-19.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim. *See* 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over

any action, such as this one, which seeks to enjoin the collection of taxes.4/ *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case. In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly in connection with the collection of federal taxes, but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief. Primarily, he

---

4/ Section 7421(a) includes several exceptions; but plaintiff has made no specific allegations that he falls within any of these statutory exceptions. Thus, none of the statutory exceptions are relevant to plaintiff's allegations.

merely express his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.

As for the second prong of *Enochs*, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. *See Foodservice & Lodging Institute*, 809 F.2d at 844-45; *Flynn*, 766 F.2d at 598. In certain situations, plaintiff could temporarily forestall collection—the ultimate relief he requests—by requesting a "collection due process hearing" with the Internal Revenue Service. *See* 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and *then* file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which plaintiff can obtain relief, there is no equitable jurisdiction. Accordingly, plaintiff's amended complaint fails the second prong of the *Enochs* test as well.

This Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

V.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE APA, 28 U.S.C. §§ 1331, THE ALL WRITS ACT,
MANDAMUS, FOIA OR THE PRIVACY ACT FOR PLAINTIFF'S CLAIMS

Plaintiff also asserts jurisdiction for his claims under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the All Writs Act, mandamus, the Freedom

of Information Act (FOIA) and the Privacy Act. (Compl. at 2-4.) None of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes. An action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *See Murphy v. Internal Revenue* Service, 460 F.3d 79, 82 (D.D.C. 2006) (vacated on other grouinds); *Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished). Sovereign immunity is not waived merely because the action may involve a federal question. *See, e.g., Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Section 1651 of Title 28 does not operate as a waiver of sovereign immunity. *See Benvenuti v. Dept. of Defense*, 587 F.Supp. 348 (D.D.C. 1984). Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on its own.5/ *See, e.g., Washington Legal Foundation v. United States Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) (citing other cases). Thus, the Court lacks subject matter jurisdiction and the complaint should be dismissed.

---

5/ Moreover, plaintiff fails to state a claim for which relief may be granted under 28 U.S.C. § 1361. A writ of mandamus may be issued only when plaintiff can show: (1) a clear right to the relief sought; (2) the officer has a clear duty to do the act that the plaintiff requests; and (3) no other adequate remedy is available. *Northern States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997); *Estate of Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999). Plaintiff clearly does not meet these requirements. For example, plaintiff has an adequate remedy at law. He can bring suit under 26 U.S.C. § 7433, which he has arguably pursued in this suit, to address his allegations of wrongful collection or he can bring suit under 26 U.S.C. § 7422 to address his prayer for a return of all property. In either situation, he first needs to exhaust administrative remedies.

Plaintiff also appears to assert that the Court has jurisdiction under the FOIA and the Privacy Act. (Compl. at 3-4.) The FOIA provides limited relief to plaintiffs and limited jurisdiction to courts: a Court may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld from the complainant."6/ Courts have explained that the "FOIA merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency. It does not provide a litigant with other . . . remedies against the United States."7/ Neither the FOIA nor the Privacy Act provide for alleged wrongful collection actions.

Additionally, in a FOIA action and a Privacy Act action, the only proper defendants are federal departments and agencies.8/ Accordingly, the Court lacks personal jurisdiction over the United States and the amended complaint must be dismissed.

---

6/ 5 U.S.C. § 552(a)(4)(B); see also 5 U.S.C. § 552a(g)(3(A) (Privacy Act) ("[T]he court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him.")

7/ *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998). This conclusion is further supported by the principle of sovereign immunity. "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). In the case of FOIA and Privacy Act suits, Congress authorized suit against an *agency* and only provided for a limited form of relief.

8/ 5 U.S.C. §552(f); 5 U.S.C. §552a(g)(1)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citing *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.DC. 1990)).

CONCLUSION

Plaintiff has failed to properly serve the United States, to exhaust administrative remedies for a tax refund or damages under section 7433, to state a claim upon which relief can be granted with respect to his damages claim, or to establish this Court's jurisdiction under any other statutes. For the reasons stated above, this Court should dismiss plaintiff's complaint.

DATE: April 27, 2007.                               Respectfully submitted,


                                                     /s/ Pat S. Genis
                                                    PAT S. GENIS, #446244
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice
                                                    Post Office Box 227
                                                    Washington, DC  20044
                                                    Tel./FAX:  (202) 307-6390/614-6866
                                                    Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY NAKANISHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-1906-HHK |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' MOTION TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiff *pro se* on April 27, 2007 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

        Gary Nakanishi
        1750 Kalakaua Avenue #3-759
        Honolulu, HI 96826

        /s/ Pat S. Genis
        PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY NAKANISHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-1906-HHK |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Having considered the United States' motion to dismiss the complaint, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that defendant's motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED;

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Gary Nakanishi
1750 Kalakaua Avenue #3-759
Honolulu, HI 96826